### In re OCEAN FINANCIAL CORP. PRESCREENING LITIGATION

**Johnny Tremble v. Ocean Bank, N.D.Illinois, C.A. No. 1:05-2624**

**Pamela J. Phillips, et al. v. Home Loan Bank, et al., D. Rhode Island, C.A. No. 1:05-457**

**Mary Forrest, et al. v. Ocean Bank, F.S.B., E.D. Wisconsin, C.A. No. 2:05-1323**

**No. MDL 1778.**

Judicial Panel on Multidistrict Litigation.

June 21, 2006.

---

* Judges Hodges took no part in the decision of this matter.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of three actions pending, respectively, in the Northern District of Illinois, District of Rhode Island and Eastern District of Wisconsin. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendants Ocean Financial Corp. and its subsidiary Ocean Bank, F.S.B., for coordinated or consolidated pretrial proceedings of these actions in the District of Rhode Island or, in the alternative, the Northern District of Illinois. Plaintiffs in the District of Rhode Island action support transfer to the District of Rhode Island. Plaintiffs in the Northern District of Illinois and Eastern District of Wisconsin actions oppose the motion; in the alternative, should the Panel order transfer over their objections, these plaintiffs would support transfer under Section 1407 to the Northern District of Illinois.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs bring their respective actions on behalf of overlapping putative classes and allege that the defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, in their use of consumer reports for purposes of mailing pre-screened offers of credit for home equity

loans to plaintiffs and potential class members. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the Northern District of Illinois is an appropriate transferee forum for this docket. This is the suggested transferee district to which all parties, except the plaintiffs in the District of Rhode Island action, support transfer in the alternative. Also, the action in the Northern District of Illinois, which is proceeding apace, has been pending months longer than those filed outside this district. Indeed, the judge to whom we are assigning this litigation is an experienced transferee judge and has already developed familiarity with the issues present in this docket as a result of presiding over motion practice and other pretrial proceedings in the action pending before her for the past year.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Amy J. St. Eve for coordinated or consolidated pretrial proceedings with the action pending in that district.